(3 Misc. Rep. 25.)

### STEINBERG v. TYLER.

(City Court of Brooklyn, General Term. February 27, 1893.)

VENDOR AND PURCHASER—ACTION FOR BREACH OF CONTRACT—PLEADING.

Where a complaint alleges that plaintiff entered into an executory contract to purchase land from defendant, in reliance on the latter's agreement to make certain alterations on the premises at a cost of $1,000, and that defendant refused to comply with his agreement in this respect, the presumption on demurrer is that the entire contract was in writing, in the absence of any allegation to the contrary.

Appeal from special term.

Action by Moritz Steinberg against Frank Tyler for breach of a con-tract for the sale of land. From a judgment entered on an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

H. & F. A. McCloskey, for appellant.

George F. Elliott, for respondent.

VAN WYCK, J. This is an appeal from a judgment entered upon an order dismissing the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint alleges that the defendant entered into an agreement with the plaintiff that he would furnish, at the time of passing title, a man competent and willing to make certain alterations on certain premises for $1,000, if plaintiff would enter into an executory agreement with defendant to purchase from the latter the said premises for $3,750, $200 thereof to be paid at the time of execution thereof; that plaintiff did enter into such executory contract to purchase the same, and paid $200 in cash; that plaintiff was ready and willing to take title, and pay the balance of purchase price at the time fixed in the contract, provided the defendant furnished a person competent and willing to do the work of alteration for $1,000; and that defendant refused to comply with his contract in this respect, to plaintiff's damage $500. This sets up a good cause of action, provided the entire contract is in writing, and, as there is no allegation that any part of it is not, it must be assumed that it is all in writing. Hurliman v. Seckendorf, (City Ct. Brook.) 18 N. Y. Supp. 756. It seems to us, in another view of the allegations, that a good cause of action can be fairly spelled out in the complaint, viz. that plaintiff was induced to enter into this executory contract for the purchase of the premises and the payment of $200, by his belief in and reliance upon the false and fraudulent representation, made by defendant, for the purpose of deceiving the plaintiff, that the specified alterations could be made for $1,000. Schumaker v. Mather, 133 N. Y. 590, 30 N. E. Rep. 755; McIntyre v. Buell, 132 N. Y. 192, 30 N. E. Rep. 396.

The judgment and order appealed from must be reversed, with costs.